UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the matter of the Complaint of RAMY ELMORSHIDY, as Owner of the 1999 Kencraft Challenger 190, Hull Identification Number KCMK1358F999, petitioning for Exoneration from or Limitation of Liability | C.A. No. 1:25-cv-10792<br><br>**IN ADMIRALTY** |

## **VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Ramy Elmorshidy, as owner of the then-unnamed 1999 Kencraft Challenger 190 19-foot motorized vessel bearing Hull Identification Number NCZ39372J808 (the "Vessel"), respectfully petitions this Honorable Court for Exoneration from or, in the alternative, Limitation of Liability, civil and maritime, pursuant to the Limitation of Shipowner's Liability Act of 1851, 46 U.S.C. §§ 30501 through 30512, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule F"). In support of his Verified Complaint, Ramy Elmorshidy hereby states and avers as follows:

### PARTIES

1. Ramy Elmorshidy ("Petitioner"), is a person residing and domiciled in the Commonwealth of Massachusetts and therefore within this District, and was and is the owner of the Vessel.

2. Upon information and belief, Brandon Baglio ("Mr. Baglio") is a person residing and domiciled in the Commonwealth of Massachusetts.

### JURISDICTION/VENUE

3. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46. U.S.C. §§ 30501 *et seq.* and Rule F. This Honorable Court is vested with admiralty and

maritime jurisdiction within the meaning of both Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

4. Venue is proper in this District pursuant to Rule F(9) because the Vessel has not been arrested or attached, nor has any suit been commenced against the owner as of the time of this filing, and the Vessel is located within the District.

## STATEMENT OF FACTS

5. This Complaint is timely filed pursuant to Rule F(1).

6. On or about August 13, 2022–August 14, 2022, Petitioner owned and was operating the Vessel, with Mr. Baglio and approximately five other individuals onboard as guests/passengers. At all times material hereto, the Vessel carried no freight and was being properly operated in and around Boston Harbor/Dorchester Bay.

7. At all times material hereto, the Vessel, together with her equipment and supplies, was maintained by Petitioner in a seaworthy and safe condition and fit for the service in which she was engaged.

8. Petitioner, Mr. Baglio, and the other passengers departed on the Vessel from her slip at Dorchester Yacht Club on August 13, 2022, and travelled/cruised in and around Boston Harbor.

9. Petitioner, Mr. Baglio, and the other passengers, during this time, also docked in/near the Seaport in Boston and spent time in the city, and then cruised in Boston Harbor further before planning to return to Dorchester Yacht Club to disembark the Vessel.

10. At all times while the Vessel was in navigation back to Dorchester Yacht Club on August 14, 2022, the Vessel's navigational lights were on.

11. At approximately 2:23am on August 14, 2022 and while the Vessel was in navigation on the waters of Dorchester Bay between Thompson Island and the JFK Library, Mr. Baglio very suddenly and abruptly stood up on the Vessel's bow from his seated position on/near the bow of the Vessel.

12. Mr. Baglio was not holding onto any railings.

13. While Petitioner and others on the Vessel were telling Mr. Baglio to get down and/or sit back down, Mr. Baglio fell from the Vessel into the water (the "Incident").

14. Petitioner immediately turned the motor off and turned on all of the additional bow and stern LED lights on the Vessel.

15. Petitioner threw a life vest to Mr. Baglio and yelled to Mr. Baglio that he would turn the boat around to get him from the water.

16. Petitioner positioned the Vessel closer to Mr. Baglio, and Mr. Baglio swam a short distance to reach the Vessel's ladder.

17. Petitioner and other passengers assisted Mr. Baglio up the ladder and back onto the Vessel.

18. Once Mr. Baglio was on the Vessel again, Petitioner and other passengers noticed a cut on Mr. Baglio's left leg.

19. Mr. Baglio indicated his left leg had struck the Vessel's propeller after he fell into the water.

20. Petitioner immediately navigated the Vessel back to Dorchester Yacht Club, and while doing so Petitioner simultaneously asked the other passengers to call 911.

21. First responders responded to Dorchester Yacht Club, and Mr. Baglio was then brought by ambulance to Boston Medical Center.

22. Upon information and belief, Mr. Baglio may seek recovery for claims related to the Incident with a potential to exceed the post-casualty value of the Vessel.

23. Upon information and belief, Baglio alleges that he incurred approximately $63,768.74 in medical treatment costs/billing, and alleges lost earning capacity of $73,557.70.

24. Petitioner avers that any claims, injuries, losses, damages, or expenses arising from the Incident were not caused or contributed to by any breach of applicable statutes or regulations, or to any fault, neglect, unseaworthiness, or want of care on the part of the Vessel or Petitioner.

25. Alternatively, any breach of applicable statutes or regulations, or any fault, neglect, unseaworthiness, or want of care on the part of the Vessel or Petitioner that might have caused or contributed to any and all alleged claims, injuries, losses, damages, or expenses were occasioned and incurred without the knowledge or privity of Petitioner.

## NOTICE OF CLAIM

26. On October 24, 2024, Petitioner received notice of a potential claim by Mr. Baglio related to the Incident.

27. Pursuant to Rule F(1), this Complaint is filed within six months of any notice of claim.

## VALUE

28. The Vessel sustained no damage in the voyage related to the Incident.

29. The agreed value/insured value of the Vessel prior to the Incident, and thus after the Incident, is $16,000.00. *See* Declaration of Kelly Parks, attached hereto as **Exhibit A**.

30. Accordingly, the post-casualty value of the Vessel, and thus Petitioner's interest in that value, amounts to $16,000.00. *See id.*

## EXONERATION/LIMITATION

31. Petitioner seeks exoneration from liability for any and all claims, injuries, damages, and losses of any kind arising from the aforementioned Incident that have been made and/or may in the future be made, and Petitioner avers that he has valid defenses thereto on the facts and law.

32. Petitioner alternatively seeks limitation of his liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, Rule F, the various statutes supplementary to and/or amendatory of 46 U.S.C. §§ 30501 *et seq.*, and case law related thereto.

33. To this end, Petitioner files herewith as **Exhibit B** a Stipulation re: Security for the value of his interest in the Vessel equal to $16,000.00, plus $250.00 for costs and 6% interest per annum, for payment into Court as ordered.

## CLAIMS

34. To date, Petitioner is not aware of any claims or notices of claim presented on behalf of any other person or entity other than Mr. Baglio.

35. Known to have a potential claim against Petitioner arising from the Incident is:

> Brandon Baglio,
> Through his attorney:
> Kathleen A. Reagan, Esq.
> Flynn Wirkus
> 350 Granite Street, Suite 1204
> Braintree, MA 02184

## RELIEF SOUGHT

WHEREFORE, Petitioner Ramy Elmorshidy respectfully prays that this Honorable Court:

1. Approve Petitioner's Stipulation re: Security (**Exhibit B**) for the post-casualty value of the Vessel ($16,000.00), for costs ($250.00), and 6% per annum of the total amount of $16,250.00 from the date of the security as interest ($975.00), altogether representing the security required by Rule F(1); directing Petitioner to file said approved Security; and

  directing the Clerk of Court to accept into the Registry of the Court the Security as approved in the first instance.

2. Upon approval of said security:
   a. enter an injunctive Order enjoining the commencement or continued prosecution of any and all claims, actions, suits, or legal proceedings of any kind arising out of the Incident against Petitioner; the Vessel, *in rem*; or Petitioner's officers, directors, employees, agents, and/or underwriters, other than in the present action; AND
   b. enter an Order directing the issuance of a notice to claimants pursuant to Rule F(4).

3. Adjudge that the Petitioner is not liable for any claims, injuries, losses, damages, or expenses arising out of the Incident, and is therefore entitled to Exoneration from Liability.

4. Alternatively and only if Petitioner is adjudged liable, adjudge that Petitioner is entitled to Limitation of Liability and that any liability be limited to the Petitioner's interest in the post-casualty value of the Vessel, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured as aforesaid to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

5. Order such other and further relief to Petitioner as this Honorable Court deems equitable and just, together with interest, attorneys' fees, costs, and disbursements in connection with this matter.

## **VERIFICATION**

I, Ramy Elmorshidy, being duly sworn and deposed, do state:

I am the owner of the subject 1999 Kencraft Challenger 190 19-foot motorized vessel bearing Hull Identification Number NCZ39372J808, and I was the owner at the time of the Incident on or about August 14, 2022. I have read the foregoing Complaint and know the contents thereof, and the same contents are true of my own knowledge, except as to those matters stated therein upon information and belief, and as to those matters I believe them to be true. Pursuant to 28 U.S.C. § 1746 I, Ramy Elmorshidy, declare under the pains and penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of APRIL, 2025.

_____
RAMY ELMORSHIDY

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF NORFOLK

On this 2nd day of APRIL, 2025, before me personally appeared RAMY ELMORSHIDY, known to me to be the person described herein, who executed the foregoing instrument and he acknowledged that he voluntarily executed same.

_____
NOTARY PUBLIC
My Commission Expires:

BAHIG F. BISHAY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 9, 2030

Respectfully submitted,

PETITIONER,
Ramy Elmorshidy,

By and through Counsel:

*/s/ Nicole L. Andrescavage*
Lauren Motola-Davis, Esq. (#638561)
Nicole L. Andrescavage, Esq. (#705093)

LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel.: 401.406.3310  |  Fax: 401.406.3312
lauren.motoladavis@lewisbrisbois.com
nicole.andrescavage@lewisbrisbois.com
