UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

---

In the matter of the Complaint of RAMY
ELMORSHIDY, as Owner of the 1999
Kencraft Challenger 190, Hull Identification
Number KCMK1358F999, petitioning for
Exoneration from or Limitation of Liability

C.A. No. 1:25-cv-10792

**IN ADMIRALTY**

---

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR AN ORDER DIRECTING ISSUANCE OF NOTICE AND RESTRAINING OTHER SUITS

NOW COMES Petitioner/Limitation Plaintiff, Ramy Elmorshidy ("Plaintiff"), as owner of the then-unnamed 1999 Kencraft Challenger 190 19-foot motorized vessel bearing Hull Identification Number NCZ39372J808 (the "Vessel"), and respectfully submits this Memorandum in Support of his Motion for an order directing issuance of a Notice to Claimants and for an injunctive order restraining all claims and proceedings against Plaintiff which are related to the incident at issue in this matter, aside from the instant litigation, all pursuant to 46 U.S.C. § 30501 *et seq*. and Fed. R. Civ. P. Supp. Rule F. In further support of his Motion, Plaintiff states as follows:

### FACTS

As detailed in Plaintiff's Verified Complaint (**ECF 1**) (also referred to herein as the "Limitation Complaint") and discussed further here, on or about August 13, 2022–August 14, 2022, Plaintiff owned and was operating the Vessel, with Mr. Brandon Baglio ("Mr. Baglio") and approximately five other individuals onboard as guests/passengers. At all times material hereto, the Vessel carried no freight and was being properly operated in and around Boston Harbor/Dorchester Bay. At all times material hereto, the Vessel, together with her equipment and supplies, was maintained by Plaintiff in a seaworthy and safe condition and fit for the service in

which she was engaged. Plaintiff, Mr. Baglio, and the other passengers departed on the Vessel from her slip at Dorchester Yacht Club on August 13, 2022, and travelled/cruised in and around Boston Harbor. Plaintiff, Mr. Baglio, and the other passengers, during this time, also docked in/near the Seaport in Boston and spent time in the city, and then cruised in Boston Harbor further before planning to return to Dorchester Yacht Club to disembark the Vessel. At all times while the Vessel was in navigation back to Dorchester Yacht Club on August 14, 2022, the Vessel's navigational lights were on. At approximately 2:23am on August 14, 2022 and while the Vessel was in navigation on the waters of Dorchester Bay between Thompson Island and the JFK Library, Mr. Baglio very suddenly and abruptly stood up on the Vessel's bow from his seated position on/near the bow of the Vessel. Mr. Baglio was not holding onto any railings.

While Plaintiff and others on the Vessel were telling Mr. Baglio to get down and/or sit back down, Mr. Baglio fell from the Vessel into the water (the "Incident"). Plaintiff immediately turned the motor off and turned on all of the additional bow and stern LED lights on the Vessel. Plaintiff threw a life vest to Mr. Baglio and yelled to Mr. Baglio that he would turn the boat around to get him from the water. Plaintiff positioned the Vessel closer to Mr. Baglio, and Mr. Baglio swam a short distance to reach the Vessel's ladder. Plaintiff and other passengers assisted Mr. Baglio up the ladder and back onto the Vessel. Once Mr. Baglio was on the Vessel again, Plaintiff and other passengers noticed a cut on Mr. Baglio's left leg. Mr. Baglio indicated his left leg had struck the Vessel's propeller after he fell into the water. Plaintiff immediately navigated the Vessel back to Dorchester Yacht Club, and while doing so Plaintiff simultaneously asked the other passengers to call 911. First responders responded to Dorchester Yacht Club, and Mr. Baglio was then brought by ambulance to Boston Medical Center.

Upon information and belief, Mr. Baglio may seek recovery for claims related to the Incident with a potential to exceed the post-casualty value of the Vessel. On October 24, 2024, Plaintiff received notice of a potential claim by Mr. Baglio related to the Incident. Upon information and belief, Baglio alleges that he incurred approximately $63,768.74 in medical treatment costs/billing, and alleges lost earning capacity of $73,557.70. The Vessel sustained no damage in the voyage related to the Incident. The agreed value/insured value of the Vessel prior to the Incident, and thus after the Incident, is $16,000.00. *See* Declaration of Kelly Parks, attached to the Limitation Complaint as Exhibit A (**ECF 1.3**). Accordingly, the post-casualty value of the Vessel, and thus Plaintiff's interest in that value, amounts to $16,000.00. *See id*. Plaintiff further filed a Stipulation re: Security for the value of his interest in the Vessel equal to $16,000.00, plus $250.00 for costs and 6% interest per annum, for payment into Court as ordered, which is attached to the Limitation Complaint as Exhibit B (**ECF 1.4**). Mr. Baglio's potential claim is the only potential claim Plaintiff is aware of as of the filing of this Memorandum.

Plaintiff avers that any claims, injuries, losses, damages, or expenses arising from the Incident were not caused or contributed to by any breach of applicable statutes or regulations, or to any fault, neglect, unseaworthiness, or want of care on the part of the Vessel or Plaintiff. Alternatively, any breach of applicable statutes or regulations, or any fault, neglect, unseaworthiness, or want of care on the part of the Vessel or Plaintiff that might have caused or contributed to any and all alleged claims, injuries, losses, damages, or expenses were occasioned and incurred without the knowledge or privity of Plaintiff. Accordingly, Plaintiff seeks exoneration from and/or limitation of his liability pursuant to 46 U.S.C. §§ 30501 *et seq*., Rule F, the various statutes supplementary to and/or amendatory of 46 U.S.C. §§ 30501 *et seq*., and case

law related thereto for any and all claims, injuries, damages, and losses of any kind arising from the aforementioned Incident that have been made and/or may in the future be made, and Petitioner avers that he has valid defenses thereto on the facts and law.

## STANDARD

This matter is substantively governed by the Limitation of Shipowner's Liability Act, 46 U.S.C. § 30501 et seq. (the "Limitation Act"). Upon the filing of a complaint for exoneration from and/or limitation of liability pursuant to the Limitation Act "within 6 months after a claimant gives the owner written notice of a claim[,]" and upon the provision of the required security, "all claims and proceedings against the owner related to the matter in question shall cease" and any and all "claims, debts, and liabilities" incurred "without the privity or knowledge of the owner" are limited to "the value of the vessel and pending freight" *in specie* immediately post-casualty. *See id.* at §§ 30529, 30523; *see also Petition of Zebroid Trawling Corp.*, 428 F.2d 226, 1970 U.S. App. LEXIS 8668 (1st Cir. 1970). "[O]ne of the critical underlying purposes of the limitation action is to achieve a 'complete and just disposition of a many-cornered controversy'" and to "further[] the goal of 'uniformity which has been declared a dominant requirement for admiralty law.'. . . The limitation action achieves uniformity by requiring other suits against the owner to be enjoined." *In re Complaint of Ballard Shipping Co.*, 752 F.Supp. 546, 553 (D.R.I. 1990) (quoting *Hartford Accident & Indem. Co. v. Southern Pac. Co.*, 273 U.S. 207, 216, 71 L. Ed. 612, 47 S. Ct. 357 (1927); *Flink v. Paladini*, 279 U.S. 59, 63, 73 L. Ed. 613, 49 S. Ct. 255 (1929)) (emphasis in original).

Supplemental Rule F of the Federal Rules of Civil Procedure provides the procedural steps a vessel owner must take to avail itself of the exoneration from and/or limitation of liability pursuant to the Limitation Act. *See*, *e.g.*, *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448

(2001). Essentially, Supplemental Rule F requires first that a complaint be filed within "six months after receipt of a claim in writing" and that Plaintiff provide certain security equal to the value of his interest in the Vessel post-casualty, costs, and interest at a rate of 6% per year. *See* Fed. R. Civ. P. Supp. Rule F(1). The Limitation Act complaint or petition must additionally include all facts and information required in Fed. R. Civ. P. Supp. Rule F(2). Upon the filing of the complaint and provision of the required security, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action" upon application of the plaintiff. *See* Fed. R. Civ. P. Supp. Rule F(3); *see also In re Teixeira*, 2019 U.S. Dist. LEXIS 215731, *6-*7 (D.R.I. Dec. 16, 2019). Further, "the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." *See* Fed. R. Civ. P. Supp. Rule F(4); *see also In re Teixeira*, *supra*.

## ARGUMENT

I.     **Plaintiff's compliance with the procedural and substantive pre-requisites laid out in the Limitation Act and Fed. R. Civ. P. Supp. Rule F necessitates the granting of this motion and the issuance of both an injunctive order and notice to claimants.**

As laid out above, Plaintiff was required to file a complaint within six months after receipt of a written claim. 46 U.S.C. § 30529(a); Fed. R. Civ. P. Supp. Rule F(1). Here, Plaintiff timely filed his Verified Complaint on April 02, 2025. That Verified Complaint included averments setting forth all facts required by Fed. R. Civ. P. Supp. Rule F(2). First, Plaintiff provided the details of the voyage in question and the allision that occurred, the status of the Vessel after the voyage terminated, and potential claim details known to Plaintiff. He further

averred that any claims, injuries, losses, damages, or expenses claimed to have resulted from the

August 14, 2022 casualty were not caused or contributed to by any breach of applicable statutes

or regulations, or to any fault, neglect, unseaworthiness, or want of care on the part of the Vessel

or Plaintiff and alternatively, that any breach of applicable statutes or regulations, or any fault,

neglect, unseaworthiness, or want of care on the part of the Vessel or Plaintiff that might have

caused or contributed to any and all alleged claims, injuries, losses, damages, or expenses were

occasioned and incurred without the knowledge or privity of Plaintiff. Second, Plaintiff provided

that there was no freight pending, and that the fair market value of the Vessel post-Incident was

$16,000.00 as confirmed in the Declaration of Kelly Parks. *See* **ECF 1-3**. Finally, Plaintiff and

his surety have stipulated to post security in an amount sufficient to satisfy the requirements of

46 U.S.C. § 30529(b) and Fed. R. Civ. P. Supp. Rule F(1). *See* **ECF 1-4**.

   The same pre-requisites that apply above for issuance of an injunctive order apply for

issuance of a notice to all claimants, and Plaintiff argues above that these have been satisfied. *See*

Fed. R. Civ. P. Supp. Rule F(4).

   Accordingly, the Plaintiff's instant Motion should be granted. An injunction in the form

and substance of the proposed Order attached to Plaintiff's Motion as **<u>Exhibit A</u>** should be

issued in accordance with Fed. R. Civ. P. Supp. Rule F(3). Further, a notice to all claimants

should be issued to all potential claimants in the form and substance of the proposed Notice to

Claimants attached to Plaintiff's Motion as **<u>Exhibit B</u>**, in accordance with Fed. R. Civ. P. Supp.

Rule F(4).

   **WHEREFORE**, Plaintiff Ramy Elmorshidy respectfully prays that this Honorable Court grant
his Motion and that the proposed Order and Notice to Claimants issue without delay.

                              Respectfully submitted,

PLAINTIFF,
Ramy Elmorshidy,

By and through Counsel:

*/s/ Nicole L. Andrescavage*
Lauren Motola-Davis, Esq. (#638561)
Nicole L. Andrescavage, Esq. (#705093)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel.: 401.406.3310    |    Fax: 401.406.3312
lauren.motoladavis@lewisbrisbois.com
nicole.andrescavage@lewisbrisbois.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2025, a copy of the foregoing was filed and served electronically through the Court's CM/ECF System upon all parties listed as registered participants/service contacts in connection with this case. The document is further available for viewing and/or downloading from the System.

*/s/ Nicole L. Andrescavage*