**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In the matter of the Complaint of RAMY ELMORSHIDY, as Owner of the *1999 Kencraft Challenger 190, Hull Identification Number KCMK1358F999*, petitioning for Exoneration from or Limitation of Liability | Civil Action No.: 1:25-cv-10792-WGY |

## CLAIMAINT BRANDON BAGLIO'S ANSWER

**NOW COMES**, the Claimant, Brandon Baglio ("Claimant" and/or "Mr. Baglio"), in the above-entitled action, by his attorneys, and makes the following Answer[1] to the Complaint and Petition of Ramy Elmorshidy ("Petitioner" and/or "Mr. Elmorshidy"), as Owner of the then unnamed, *1999 Kencraft Challenger 190, Hull Identification Number KCMK1358F999* (the "Vessel") petitioning for Exoneration from/or Limitation of Liability, civil and maritime, and says as follows:

1. Admitted.

2. Denied, as Mr. Baglio is currently residing and domiciled in the State of Florida.

3. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

4. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

5. Denied.

---

[1] This instant Answer is filed contemporaneously with the Claimant's Claim, pursuant to applicable laws and rules, including but not limited to, Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

6. Admitted.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted.

13. Denied.

14. Admitted that Petitioner was at the helm of the Vessel and decelerated the Vessel. Claimant is without sufficient knowledge or information to enable him to admit or deny the truth of the remainder of statements made in paragraph 14 as he was in the water at the time.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

25. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

## NOTICE OF CLAIM

26. Denied. The Petitioner was notified personally via cell phone contacting the Petitioner asking for his insurance claim number to send the medical bills related to the injury, and also personally on April 29, 2024 of the claim of Mr. Baglio verbally and in text by Mr. Baglio's attorney.

27. Denied.

## VALUE

28. Claimant is without sufficient knowledge or information to enable him to admit or deny the entirety of the allegations contained in Paragraph 28 and therefore denies the same.

29. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

30. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

## **EXONERATION/LIMITATION**

31. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

32. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

33. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

## **CLAIMS**

34. Admitted.
35. Admitted.

## **RELIEF SOUGHT**

1. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

2. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph, including sub-paragraph a. and b.

3. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

4. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

5. This paragraph sets forth a statement of law and/or legal conclusions and does not require a response from the Claimant. To the extent a response is required, the Claimant denies the paragraph.

## **AFFIRMATIVE DEFENSES**

Claimant Brandon Baglio incorporates the following Affirmative Defenses into each Count of this Answer as more fully appears below:

**1. General Maritime Law Applies:** Claimant states that the claims and defenses applicable to this action are governed by the General Maritime Law of the United States.

**2. Failure to State a Claim:** Claimant states that the Petitioner has failed to state a cause of action upon which relief may be granted under all Counts of his Complaint.

**3. Inadequate Limitation Fund:** Claimant states that the limitation fund is inadequate. The limitation of liability fund should be greater than the amount declared, and limitation of liability proceedings filed by the Petitioner should be dismissed as the Petitioner has failed to deposit adequate security in accordance with 46 U.S.C. §§ 30501 *et seq.*

**4. Limitation Act is Inapplicable as Petitioner had Privity and Knowledge of the Alleged Maritime Casualty:** Claimant states that the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* ("LOLA") is not applicable in this case because at all material times the Vessel was operated by the Petitioner as the Master of the Vessel, and the subject casualty occurred due to acts, omissions and/or conditions within the privity or knowledge of the Petitioner. As owner and master of the pleasure vessel, LOLA does

not apply to the Petitioner as he is with knowledge and privity of the alleged act of negligence. Further, LOLA does not apply here because the alleged negligence and underlying alleged maritime casualty occurred while the Petitioner piloted the Vessel, thus his Petitioner is barred under the Owner at the Helm Rule and the alleged injuries thus caused to Claimant Baglio, were within the privity and knowledge of the Petitioner as the Vessel's owner. Finally, the subject incident occurred in local waters (Boston Harbor/Dorchester Bay) of the home port of the Vessel, accordingly LOLA is inapplicable when privity and knowledge can be established under the Home Port Doctrine.

**5. Petitioner at Fault:** Claimant states that the Petitioner is negligent and at fault in connection with the alleged injuries sustained by Claimant referred to in Petitioner's Complaint.

**6. Petitioner Negligent:** Claimant states that his alleged injuries were not caused by any fault of himself but said injuries were solely and proximately caused by the negligent acts or omissions of the Petitioner and/or the Petitioner's agents.

**7. Comparative Fault:** Claimant states that if Claimant is found liable for any part of Claimant's alleged injuries, then the damages must only be reduced proportionally by the degree of negligence [comparative fault] on the part of Petitioner, and other third-parties pursuant to the General Maritime Law of the United States.

**8. Insurance:** Claimant states that the Petitioner has applicable insurance to cover claims asserted as a result of Claimant's alleged injury and such insurance proceeds are not subject to limitation.

**9. No Breach of Duty:** Claimant states that it did not breach any duty of care owed to the Petitioner, and that all material times Claimant acted reasonably, in good faith, and with due care for the safety of himself.

**10. Statute of Limitations:** The Petitioner failed to file his petition timely under 46 U.S.C. §§ 30501 *et. seq.* and according to applicable Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), including but not limited to Rule F(1). Petitioner failed to comply with the procedural requirements of LOLA, including but not limited to the strict adherence to the six (6) month statute of limitations to initiate a Petition pursuant to 46 U.S.C. § 30529(a)[2] as Petitioner received the requisite notice of a potential claim to exceed the value of the Vessel at arguably, the earliest on the date of the accident on August 14, 2022 when the Claimant was taken to the hospital via ambulance, and at the latest when Claimant's attorney contacted Petitioner on April 29, 2024.

**11. Equitable Defenses:** Claimant states that Petitioner's claims are barred in whole or in part through the doctrine of unclean hands, waiver, and/or estoppel.

**12. All Defenses Reserved:** Claimant claims the benefit of any and all such further Affirmative Defenses that become apparent as discovery progresses and reserves the right to assert the same.

**13. Third Parties:** The damages of Claimant were proximately caused by the Petitioner, and/or third-parties over whom the Petitioner exercised control, and/or for whose conduct Petitioner was responsible.

---

[2] On December 23, 2022, the Shipowner's Limitation of Liability Act was amended, and 46 U.S.C. § 30511 is now cited as 46 U.S.C. § 30529.

**14. Rescue Damages:** Petitioner is liable for all injuries foreseeably resulting from their conduct including injuries occurring during the third-party's rescue of Claimant, which was necessitated by Petitioner's alleged negligent conduct.

**15. Single Claimant:** Claimant Brandon Baglio is the sole claimant to this instant limitation fund and as such, this Petition is subject to the "single claimant exception," thus barring the applicability of the LOLA, allowing the Claimant to proceed with a state court claim against Petitioner.

**16. No Relief under Petitioner's Cited Statutes:** There is no right to exoneration or limitation of liability under the statutes asserted by Petitioner to be applicable.

**17. Savings to Suitors:** Claimant has selected the state court forum to pursue his claim and therefore Claimant is entitled to have his claims heard by a jury in the state court forum pursuant to the "savings to suitors clause" 28 U.S.C. § 1333.

**18. Unseaworthiness:** The Vessel was unseaworthy at the beginning of the subject voyage, and was unseaworthy in design and in operation during the voyage by the Master, by the placement of a cooler in the walkway near the bow, thus causing the Claimant to have to move up to the bow, which was done with the knowledge and privity of the Petitioner, who failed to take appropriate action thereafter. Finally, the Vessel was unseaworthy as it lacked adequate and competent crew, specifically, the failure by the Petitioner to designate and maintain a proper look-out under the prevailing circumstances per applicable laws and regulations, including but not limited to Conduct of Vessels in Any Condition of Visibility Look-out (Rule 5), 33 C.F.R. § 83.05.

**WHEREFORE**, the Claimant, Brandon Baglio, prays that this Honorable Court dismiss with prejudice the Petitioner's Complaint together with imposing costs and

reasonable attorneys' fees, and issue any such further relief it deems just and proper. In the alternative, the injunction should be dissolved/lifted so that the Claimant can proceed with the prosecution of his civil suit for damages in a state court forum[3], while reserving to this Honorable Court proceedings related to the issues concerning the amount of the limitation of liability fund as necessary in the event that this becomes relevant once a judgment is obtained.

## DEMAND FOR TRIAL BY JURY

The Claimant Brandon Baglio demands a jury on all issues so triable raised in the Petitioner's Complaint, this Answer and under the Affirmative Defenses, with the exception of Limitation of Liability, which is unique for the Court's determination.

Date: May 28, 2025

Respectfully submitted,
Brandon Baglio
By his attorneys,

*/s/ Michael B. Flynn*
Michael B. Flynn, Esq. BBO No. 559023
mflynn@flynnwirkus.com
Kathleen A. Reagan, Esq. BBO No. 549108
kreagan@flynnwirkus.com
Flynn Wirkus P.C.
350 Granite Street, Suite 1204
Braintree, Massachusetts
P: (617) 773-5500
F: (617) 773-5510

---

[3] A Complaint and Demand for Jury Trial is being contemporaneously filed in Superior Court in the Commonwealth of Massachusetts along with this Court's Order [Dkt. 7] that the Superior Court matter be stayed until this instant action is disposed of, or the stay lifted.

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 28, 2025, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Lauren Motola-Davis, Esq. BBO No. 638561
Lauren.motoladavis@lewisbrisbois.com
Nicole L. Andrescavage, Esq. BBO No. 705093
nicole.andrewscavage@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith, LLP
One citizens Plaza, Suite 1120
Providence, Rhode Island 02903
P: (401) 406-3310                                              */s/ Michael B. Flynn*
F: (401) 406-3312                                              Michael B. Flynn. Esq.